UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> 2201 C Street NW <br> Washington, DC 20520 <br><br> *Defendant*. | Case No. 20-cv-322 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

1

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.  Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.  Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

*Pence-Zelensky FOIA*

7.  On October 7, 2019, American Oversight submitted a FOIA request to State, seeking:

> (1) All State Department briefing materials provided to the Office of the Vice President in advance of (1) Vice President Pence's meeting [with] Ukrainian President Zelensky in Warsaw, Poland, on or about August 31 or September 1, 2019 and/or (2) Vice President Pence's phone call with President Zelensky on or about September 18, 2019. [FN omitted]

(2) Any readouts or summaries (including diplomatic cables) of (1) Vice President Pence's meeting [with] Ukrainian President Zelensky in Warsaw, Poland, on or about August 31 or September 1, 2019 and/or (2) Vice President Pence's phone call with President Zelensky on or about September 18, 2019.

(3) All email communications (including email messages and email attachments) between (a) the State officials specified below and (b) anyone communicating on behalf of the Office of the Vice President (including but not limited to anyone with an email address ending in @ovp.eop.gov).

(4) All records reflecting communications (including email messages, email attachments, official cables, handwritten notes, formal readouts, or informal summaries) sent or received by the State officials specified below regarding (1) Vice President Pence's meeting with Ukrainian President Zelensky on or about August 31 or September 1, 2019 and/or (2) Vice President Pence's phone call with President Zelensky on or about September 18, 2019.

Examples of responsive records include, but are not limited to, informal email correspondence containing summaries of Pence's meeting or call; official cables providing formal readouts of Pence's meeting or call; or handwritten notes maintained by any State Department official who attended the meeting or listened to the call.

Specified State officials:

  i. Secretary Mike Pompeo, or anyone communicating on his behalf such as an assistant or advisor
  ii. Counselor to the Secretary, Thomas Ulrich Brechbuhl
  iii. Executive Secretary Lisa Kenna
  iv. Chief of Protocol Cam Henderson
  v. White House Liaison Carrie Cabelka, or any other individuals serving in the role of White House Liaison
  vi. Senior Advisor, Office of The Under Secretary for Civilian Security, Democracy, and Human Rights Pamela D. Pryor
  vii. U.S. Special Representative for Ukraine Negotiations, Kurt Volker
  viii. U.S. Ambassador to the European Union, Gordon Sondland
  ix. Acting Assistant Secretary of European and Eurasian Affairs, Philip Reeker
  x. Charge d'Affaires of the United States Embassy in Kyiv, William Taylor
  xi. Deputy Chief of Mission of the United States Embassy in Kyiv, Kristina Kvien

 xii. U.S. Ambassador to Poland, Georgette Mosbacher
 xiii. Deputy Chief of Mission of the United States Embassy in Warsaw, B. Bix Aliu
 xiv. Any State Department official who attended or supported Vice President Pence's meeting with Ukrainian President Zelensky on or about August 31 or September 1, 2019 or his call on or about September 18, 2019

Please exclude news clips generated from non-governmental services and emails distributed to a wide listserv of twenty or more email addresses. A news clips email that is forwarded by an individual to one of the identified individuals with any additional message should be considered responsive.

Please be sure to include communications generated with any communications device, including phones and laptop computers, provided to State personnel on a temporary basis for foreign travel.

Please provide all responsive records from August 15, 2019, through September 30, 2019.

8. American Oversight requested expedited processing of this request.

9. By letter dated October 16, 2019, State acknowledged receipt of this request, granted expedited processing of the request, and assigned the request tracking number F-2020-00477.

10. American Oversight has not received any further communications from State concerning this request.

*Pence Trip FOIA*

11. On October 7, 2019, American Oversight submitted a FOIA request to State seeking:

 (1) Records sufficient to identify all State Department officials and employees accompanying Vice President Pence on the Poland portion of his trip to Poland, Ireland, Iceland, and the UK on or about August 30, 2019 to September 6, 2019.

 (2) Records sufficient to identify all expenses associated with State officials traveling with the U.S. delegation on the Poland portion of his trip to Poland, Ireland, Iceland, and the UK on or about August

4

      30, 2019 to September 6, 2019. All invoices, expense reports, government credit card bills, reimbursements related to the trip—including but not limited to hotel bills, meals, per diem costs, and transportation expenses—are responsive to this request.

   (3) A copy of the Poland portion of the itinerary (or records reflecting the itinerary) for the U.S. delegation to Poland, Ireland, Iceland, and the UK on or about August 30, 2019 to September 6, 2019.

12.    American Oversight requested expedited processing of this request.

13.    By letter dated October 16, 2019, State acknowledged receipt of this request, granted expedited processing of the request, and assigned the request tracking number F-2020-00472.

14.    American Oversight has received no further communications from State concerning this request.

*Office of Vice President Communications FOIA*

15.    On October 8, 2019, American Oversight submitted a FOIA request to State seeking:

   (1) All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (a) the State officials specified below and (b) anyone who works in or represents the Office of the Vice President, including anyone communicating from an email address ending in @ovp.eop.gov.

      Specified State officials:

        i. Counselor to the Secretary Thomas Ulrich Brechbuhl
        ii. U.S. Special Representative for Ukraine Negotiations, Kurt Volker

5

    iii. U.S. Ambassador to the European Union, Gordon Sondland
    iv. Acting Assistant Secretary of European and Eurasian Affairs, Philip Reeker
    v. Charge d'Affaires of the United States Embassy in Kyiv, William Taylor
    vi. Deputy Chief of Mission of the United States Embassy in Kyiv, Kristina Kvien
    vii. Former U.S. Ambassador to Ukraine Marie Yovanovitch
    viii. Former Chargé d'Affaires and Deputy Chief of Mission of the United States Embassy in Kyiv, Joseph Pennington
    ix. Former Assistant Secretary of European and Eurasian Affairs, A. Wess Mitchell

(2) All email correspondence (including email messages and attachments) between (a) the State officials specified below, and (b) anyone communicating from the Office of the Vice President, including anyone with an email address ending in @ovp.eop.gov, containing key terms listed below:[FN Omitted]

Specified State officials:

    i. Secretary Mike Pompeo, or anyone communicating on his behalf such as an assistant or advisor
    ii. Senior Advisors (to Secretary Pompeo) P. Michael McKinley, Mary Kissel, and Toni Porter
    iii. Assistant Secretary for Legislative Affairs Mary Elizabeth Taylor
    iv. Former Acting Assistant Secretary for Legislative Affairs Charles Faulkner
    v. Executive Secretary Lisa Kenna
    vi. White House Liaison Carrie Cabelka, or any other individuals serving in the role of White House Liaison
    vii. Kevin Edward Moley, Assistant Secretary of State, International Organization Affairs
    viii. Senior Advisor, Office of The Under Secretary For Civilian Security, Democracy, and Human Rights Pamela D. Pryor
    ix. Catharine O'Neill, Special Assistant

Key Terms:

    i. Rudy
    ii. Rudolph
    iii. Giuliani
    iv. Giuiliani

      v. Guliani
      vi. Guiliani
      vii. Toensing
      viii. diGenova
      ix. Kislin
      x. Fuks
      xi. Hunter
      xii. Biden
      xiii. Parnas
      xiv. Fruman
      xv. Kolomoisky
      xvi. Klitschko
      xvii. Burisma
      xviii. Shokin
      xix. Lutsenko
      xx. Zelensky
      xxi. Zelenskyy
      xxii. Zelenskiy
      xxiii. Yermak
      xxiv. Bakanov
      xxv. Bohdan
      xxvi. Rybolovlev
      xxvii. "Ukraine Security Assistance Initiative"
      xxviii. USAI

Please provide all responsive records from February 1, 2019, through the date the search is conducted.

16. American Oversight requested expedited processing of this request.

17. By letter dated October 16, 2019, State acknowledged receipt of this request, granted expedited processing of the request, and assigned the request tracking number F-2020-00563.

18. American Oversight has received no further communications from State concerning this request.

*Exhaustion of Administrative Remedies*

19. As of the date of this complaint, Defendant has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any

7

responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

20. Through Defendant's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Search for Responsive Records

21. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. Plaintiff properly requested records within the possession, custody, and control of Defendant.

23. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

24. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

25. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

26. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

27. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. Plaintiff properly requested records within the possession, custody, and control of Defendant.

29. Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

30. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

31. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

32. Defendant's failure to provide all non-exempt responsive records violates FOIA.

33. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 6, 2020                    Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723
*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367
*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*